**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOHN STANGEL,<br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, ET AL.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 2:25-cv-02828-SHM-tmp |

**ORDER DENYING MOTION TO COMPEL RESPONSE AND MOTION FOR DISCOVERY**

Before the Court are the following motions filed by *pro se* Plaintiff John Stangel in this closed case: (1) Motion to Compel a Response (ECF No. 20); and (2) a single document titled as three motions, "(1) Motion of Discovery for UFO/Extra[terrestrial] Outside the Craft Video Sent June 30, 2019 (2) Motion for U.S. Attorneys['] Office to Take Juris[diction] on Pending Charges [and] (3) Motion for Proposed Settlement." (ECF No. 21, "Motion for UFO Discovery".) For the following reasons, Stangel's motions are **DENIED**.

## I. BACKGROUND

On July 22, 2025, Stangel filed this § 1983 action against the Federal Bureau of Investigation ("FBI"), Agent Cody, Director of Video Analysis, and three unknown special agents. (ECF No. 1.) Although originally filed in the United States District Court for the Northern District of Mississippi, it was transferred to this Court because the only named Defendant, Agent Cody, is alleged to reside in Memphis, Tennessee.

Stangel alleges that a domestic terrorist group tried to kill him at least 7 times, following him through 16 cities in 12 states from June 30, 2019 to April 11, 2023. (ECF No. 1 at 12-13.)[1] He alleges he is incarcerated on charges stemming from this group's attempts on his life. (*Id.*) For example, Stangel alleges his pending burglary charges arose when this group chased him into an inhabited condo building. (*Id.* at 13-14.) He alleges the charges were dropped "because the building surveillance system showed armed gu[n]men chasing me into the building." (*Id.* at 14.)

Stangel sought "qualified immunity for the charge I'm currently in prison on, and the 2 pending felony warrants that are linked to this complaint" and for "the US Department of Justice [to] open an investigation concerning this group and the facts surrounding this complaint. I'm also requesting a polygraph concerning this statement." (*Id.* at 17.)

On January 15, 2026, Stangel filed a motion to voluntarily dismiss the complaint, which the Court granted. (ECF No. 17-18.) On January 20, 2026, the Court entered its Judgment dismissing this action without prejudice. (ECF No. 19.)

## II. MOTION TO COMPEL A RESPONSE

On June 2, 2026, Stangel filed a motion to compel a response in this closed case, seeking a response from the Court to his previously filed motion for a polygraph test about the last three attempts on his life. (ECF No. 20.) The Court denied the motion for a polygraph as moot on January 20, 2026 (*see* ECF No. 16), after granting Stangel's motion to voluntarily dismiss his complaint. (ECF No. 18.)

In the instant motion, Stangel alleges that first responders are using emergency services to entrap and murder individuals so that they can harvest their organs. (ECF No. 20 at 2.) He alleges that, when he was booked at a police substation during an arrest, the booking officers asked

[1] The Court cites to PageIDs as assigned by CM/ECF.

medical questions to gauge whether they could harvest Stangel's organs. (*Id.*) Stangel alleges that the officers could not use his organs because he has Hepatitis C. (*Id.*)

Stangel alleges that the officers were dressed in rubber medical scrubs, "the same type I've seen UT med[ical] students wearing when they are prac[ticing] on cadavers," and harvested the kidney, liver, and jawbone of another inmate. (*Id.* at 2.) Stangel alleges the officers stole the inmate's organs in a medical exam room at the jail, on a metal table similar to ones he has seen used for autopsies. (*Id.*)

Stangel alleges that fire fighters are following him in a 1980s pickup truck, which he witnessed driving around after two separate attempts on his life. (*Id.* at 3-4.) Stangel asks that the Court order polygraph tests and an investigation concerning these matters. (*Id.* at 4.)

The Sixth Circuit "generally disfavor[s] admitting the results of polygraph examinations." *See United States v. Thomas*, 167 F.3d 299, 308 (6th Cir. 1999). The Court finds no reason to order a polygraph test in a closed case where, even if the case were open, the results would not likely be admissible. A district court has no authority to order a criminal investigation or prosecution. *See Poiles v. Allen*, No. 4:26CV-P572-CRS, 2026 WL 3084887, at *2 (W.D. Ky. Oct. 15, 2026).

For these reasons, the motion to compel a response (ECF No. 20) is **DENIED**.

## III. MOTION FOR UFO DISCOVERY

Stangel's Motion for UFO Discovery seeks the Department of War's release of a videotape Stangel sent to the Central Intelligence Agency ("CIA") on June 30, 2019, in which he allegedly recorded extraterrestrials exiting their UFOs and looking into his kitchen window. (ECF No. 21 at 3.) Stangel lists 24 UFO encounters he has had since 1969, several of which he characterizes as abductions. (*Id.* at 5.)

Stangel asks the U.S. Attorney's Office to take jurisdiction over his criminal charges.[2] (*Id.* at 6.) Finally, he seeks compensatory damages of an undetermined amount to compensate him for losses he attributes to the FBI refusing to listen to him and investigate his claims. He alleges he defaulted on a car loan, lost his job, and spent as much as $15,000 "running from this group moving city to city." (*Id.* at 7.)

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only prosecutors have the authority to initiate federal criminal charges. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). The Court cannot grant relief in the form of ordering the United States Attorney to prosecute Stangel on his pending criminal charges.

To the extent Stangel seeks monetary damages, he must file a new complaint stating a claim to relief. If Stangel files a new complaint *in forma pauperis*, the complaint would need to survive initial screening under 28 U.S.C. § 1915A. This screening includes evaluating whether Stangel's factual allegations are "fantastic or delusional," which might result in a dismissal if Stangel includes similar allegations of alien abductions and the harvesting of organs. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For these reasons, the court will not reopen this matter, and the Motion for UFO Discovery (ECF No. 21) is **DENIED**.

---

[2] Stangel states his criminal charges are pending in Madison County, Mississippi and Jefferson Parish, Louisiana, but he does not specify his charges. (ECF No. 21 at 6.)

IT IS SO ORDERED this 23rd day of November, 2026.

*/s/ Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE